

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-1745
> Re: Payment of court costs in con-
> demnation proceedings brought
> under Article 6674n, V.A.C.S.,
> by a Commissioners' Court.

By your letter of November 28, 1939, you ask the opinion of this
department upon the following questions:

"1. Where the condemnation proceedings were brought under
Article 6674n, V. A. C. S., by the Commissioners' Court of
a county other than Travis, may the Highway Funds be used
for the payment of court costs and for the actual payment
of right of ways?

"2. If such Highway Funds may be used for the payment of the
court costs, is it proper that the warrants issue to the in-
dividuals to whom the fees accrue, or should the warrants
issue to the County Clerk in payment of court costs and the
County Clerk, in turn, pay the witnesses and other items of
the court costs?

"3. In case an attorney is appointed to represent the State
in the condemnation proceedings, then may fees for such
attorney be paid out of the Highway Fund, or should they be
paid out of the appropriation made for the Attorney General,
if payable at all?

Article 6674n, Vernon's Revised Civil Statutes, reads as follows:

"Whenever, in the judgment of the State Highway Commission,
the use or acquisition of any land for road, right of way
purposes, timber, earth, stone, gravel or other material,
necessary or convenient to any road to be constructed, recon-
structed, maintained, widened, straightened or lengthened,
or land not exceeding one hundred (100) feet in width for
stream bed diversion in connection with the locating,

relocating or construction of a designated State Highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the County Commissioners Court. Provided that the County in which the State Highway is located may pay for same out of the County Road and Bridge Fund, or any available county funds.

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway, or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of State Highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds. The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners Court the plats or field notes of such right of way or land and the description of such materials as may be required, after which the Commissioners Court may, and is hereby authorized to purchase or condemn the same, with title to the State of Texas, in accordance with such field notes. Provided that in the event of condemnation by the County the procedure shall be the same as that set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925. Provided that if the County Commissioners Court of any County in which such right of way is, in the judgment of the State Highway Commission, necessary for the construction of a part of a designated State Highway shall fail or refuse to secure by purchase or by condemnation for or on behalf of the State of Texas, such right of way or part thereof, immediately and as speedily as possible, under said Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925, after being served with a copy of an order of the State Highway Commission identifying by field notes, the part of the Highway necessary for the construction of such designated State Highway and requesting such County Commissioners Court to secure same, then and in such event and within ten (10) days after the service of such notice, said State Highway Commission shall direct the Attorney General of Texas, to institute condemnation proceedings in the name of the State of Texas, for the purpose of securing such right of way. The right of eminent domain to condemn any part of a right of way for a State designated highway under the conditions herein set out is hereby conferred on the County Court of Travis County. Such condemnation proceedings shall be instituted by the Attorney General by filing a statement for condemnation with the County Judge of Travis County, Texas, and the venue of such proceeding shall be in Travis County, Texas, and jurisdiction and

authority to appoint three (3) disinterested freeholders of Travis County, Texas, as Commissioners is hereby conferred upon the County Judge of Travis County, Texas, and otherwise such condemnation shall be according to the provision of said Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925."

The case of Traders Compress Co. v. State et al, (Civ. Ap.) 77 S. W. (2) 245, has the following to say about the statute above quoted:

"In a condemnation proceeding, such as this, instituted and prosecuted by the Commissioners' Court in behalf of the State Highway department, no provision is made by the statute obligating the State to pay compensation for the land secured...

"This statute does not impose on the Commissioners' Court the duty of securing land for the purposes therein specified, but does require that if the authority granted be exercised, the Commissioners' Court pay for the land purchased or pay the damages for the land condemned out of the county road and bridge fund or out of any special fund that may be provided by law.

"We do not think any one would contend, if the Commissioners' Court should purchase land for the State under this statute, that the State would be obligated to pay the owner the purchase price. Neither, in our opinion can the State be bound by a judgment against it obtained in a condemnation proceeding instituted and prosecuted in the name of the State by the Commissioners' Court under this statute."

Where the condemnation proceeding is brought under 6674n by the Commissioners' Court of the county, the expenses of prosecuting such an action, including the court costs, and the amount necessary to actually pay for the right of way condemned, are to be paid by the Commissioners' Court out of the funds of the county designated in Article 6674n. In such a situation the Commissioners' Court is without authority to obligate the State Highway Fund for the payment of court costs, and for the actual payment of right of way, or for any other expenses incident to the maintenance and prosecution of the condemnation proceedings.

It follows that your questions are to be answered as follows:

1. Where condemnation proceedings are brought under Article 6674n by the Commissioners' Court of a county, the funds of the State Highway Department may not be used for the payment of court costs, or for the actual payment for right of way.

2.  In view of the answer made to your first  question, your second question need not be answered.

3.  Attorney's fees incurred by the Commissioners' Court in the prosecution of condemnation proceedings under Article 6674n are to be paid by the Commissioners' Court out of the funds of the county designated by such Article of the statutes.  No authority to represent the State as such in such proceedings, and obligate the State Highway Department or the Attorney General to pay the fee of such an attorney.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By

R. W. Fairchild

RWF-MR


APPROVED DEC. 11, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS